PAUL M. HITTELMAN SBN: 033449
PMHPC@earthlink.net
2530 Wilshire Boulevard, Second Floor
Santa Monica, California 90403-4643
Telephone: 310-828-2002
Facsimile: 310-471-7655

Attorneys for Plaintiff Albert Kirakosian

**FILED**

SEP 2 0 2019

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

~~(SAN FERNANDO VALLEY)~~

| | |
|---|---|
| In Re:<br><br>SERGIK AVAKIAN, an individual<br><br>Debtor. | **CASE NO. 2:19-bk-17058-BB**<br><br>**Chapter 7**<br><br>**Adv. No.:** |
| ALBERT KIRAKOSIAN,<br><br>Plaintiff,<br><br>vs.<br><br>SERGIK AVAKIAN, an individual; AMERICAN BEST ENGINEERING, INC., a California Corporation; AVAKIAN ENGINEERING, INC., a California Corporation; SEVAK AVAKIAN, an individual.<br><br>Defendants. | **COMPLAINT FOR DETERMINATION OF NON-DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. §523(a)(2)(A), (a)(4) and (a)(6)**<br><br>1. **BREACH OF CONTRACT;**<br>2. **FRAUD (11 U.S.C. §523(a)(2)(A)) ;**<br>3. **CONVERSION;**<br>4. **COMMON COUNT FOR OPEN BOOK ACCOUNT;**<br>5. **COMMON COUNT FOR ACCOUNT STATED**<br>6. **COMMON COUNT FOR MONEY LOANED; AND**<br>7. **EMBEZZLEMENT (11 U.S.C. §523(a)(4))** |

Plaintiff Albert Kirakosian alleges as follows:

## JURISDICTION AND VENUE

    1.    By this Complaint, Plaintiff initiates an adversary proceeding arising under

sections 523(a)(2)(A), (a)(4), and (a)(6) of the Bankruptcy Code and Bankruptcy Rule 4007

in connection with the Chapter 7 bankruptcy case filed on March 4, 2019, by Defendant

1  Sergik Avakian, an individual ("Debtor"), in the United States Bankruptcy Court for the

2  Central District of California as Case Number 1: 19-bk-10509-VK.   On or about June 17,

3  2019 that Bankruptcy case was transferred from ~~Los Angeles to the~~ San Fernando Valley
     *TO LOS ANGELES DIVISION*

4  Division and was filed therein on June 17, 2019 as case number 2:19-bk-17058-BB. Plaintiff

5  seeks a determination of non-dischargeability of the debt owed by Debtor to Plaintiff as more

6  fully set forth below. Therefore, this is a core proceeding under 28 U.S.C. §§ 157(a) and

7  (b)(2)(A), (I) and (J), over which this Court has subject matter jurisdiction under 28 U.S.C.

8  §1334(a) and (b) and General Order No. 24 of the United States District Court for the Central

9  District of California.

10      2.      This Adversary Proceeding arises out of and is related to the series of

11  transactions, occurrences and events that are the subject of a pending California state court

12  action against the Debtor, entitled *Albert Kirakosian v. American Best Engineering, Inc., et*

13  *al.*, Los Angeles Superior Court Case No. BC530228 (the "State Court Action") as set forth

14  in the Third Amended Complaint in the State Court Action.  Plaintiff has therein alleged

15  claims for: (1) breach of contract; (2) fraud; (3) conversion and common counts.

16      3.      Venue is proper in the Central District under 28 U.S.C. §139l(a) in that Debtor

17  resides within it.

18      4.      Plaintiff is a creditor of Debtor, and the debt of Debtor is non-dischargeable in

19  bankruptcy by virtue of 11 U.S.C. §§ 523(a)(2)(A), (a)(4), and 523(a)(6).

20

21                                **PARTIES**

22      5.      Plaintiff Albert Kirakosian is, and at all relevant times was, a resident of Los

23  Angeles, California

24      6.      Plaintiff is informed and believes, and thereon alleges, that Debtor is an

25  individual domiciled in the State of California, within the Central District of the Bankruptcy

26  Court, San Fernando Valley Division.

27      7.      Plaintiff is informed and believes, and thereon alleges, that American Best

28  Engineering, Inc. ("ABE") is a corporation formed under the laws of the State of California,

- 2 -

1  which is and at all relevant times was owned in whole or part by Debtor and/or controlled by

2  Debtor, that ceased operations in late 2009 and whose corporate privileges were suspended

3  by the California Secretary of State in November 2010.

4      8.    Plaintiff is informed and believes, and thereon alleges, that Avakian

5  Engineering, Inc. ("AVAKIAN ENG.") is a corporation formed under the laws of the State

6  of California, at all relevant times was owned in whole or part by Debtor and/or controlled by

7  Debtor and Sevak Avakian ("SEVAK"). (ABE, AVAKIAN ENG. and SEVAK are

8  sometimes referred to herein as "Related Parties"). (Debtor, ABE, AVAKIAN ENG. and

9  SEVAK are collectively referred to herein as "the parties".)

10      9.    Plaintiff is informed and believes and thereon alleges that SEVAK was an is

11  an individual residing in Los Angels County, California.

12      10.    Plaintiff is informed and believes and thereon alleges that, with regard to the

13  claims set forth in this Complaint, there existed a relationship between and among the Debtor

14  and each of the Related Parties as employer and employee, master and servant, principal and

15  agent and/or co-conspirators, such that the acts of the Debtor and Related Parties, and of each

16  them, are subject to Bankruptcy jurisdiction by virtue of 11 U.S.C. §§523(a)(2)(A), (a)(4),

17  and 523(a)(6).

18      11.    Plaintiff is informed and believes and thereon alleges that Debtor and SEVAK,

19  and each of them, treated ABE as their alter ego rather than as a separate entity, that ABE

20  was not adequately capitalized and was a mere shell, instrumentality and conduit through

21  which Debtor and SEVAK, and each of them, did business, that Debtor and SEVAK, and

22  each of them, exercised complete dominion and control over ABE, that Debtor and SEVAK,

23  and each of them, failed to follow corporate formalities and used ABE for their personal and

24  business expenses, and that Debtor and SEVAK, and each of them, commingled their funds

25  and assets with those of ABE and vice versa. Plaintiff is informed and believes and thereon

26  alleges that there was such a unity of interest and ownership between Debtor and SEVAK,

27  and each of them, and ABE that the separate personalities of ABE and Debtor and SEVAK,

28  and each of them, did not in reality exist. Upholding the corporate entity and allowing

1    Debtor and SEVAK, or either of them, to escape personal liability for ABE's acts and

2    obligations would sanction fraud and promote injustice. Accordingly, ABE is the alter ego

3    of Debtor and SEVAK, and each of them.

4          12.     Plaintiff is informed and believes and thereon alleges that Debtor and SEVAK,

5    and each of them, treated and continue to treat AVAKIAN, ENG. as their alter ego rather

6    than as a separate entity, that AVAKIAN, ENG. was not adequately capitalized and was a

7    mere shell, instrumentality and conduit through which Debtor and SEVAK, and each of

8    them, did business, that Debtor and SEVAK, and each of them, exercised complete dominion

9    and control over AVAKIAN, ENG. that Debtor and SEVAK, and each of them, failed to

10    follow corporate formalities and used AVAKIAN, ENG. Eng. for their personal expenses,

11    and that Debtor and SEVAK, and each of them, commingled their funds and assets with

12    those of AVAKIAN, ENG. and vice versa. Plaintiff is informed and believes and thereon

13    alleges that there was such a unity of interest and ownership between Debtor and SEVAK,

14    and each of them, and AVAKIAN, ENG. that the separate personalities of AVAKIAN, ENG.

15    and Debtor and SEVAK, and each of them, did not and does not in reality exist. Upholding

16    the corporate entity and allowing Debtor and SEVAK, or either of them, to escape personal

17    liability for AVAKIAN, ENG.'s acts and obligations would sanction fraud and promote

18    injustice. Accordingly, AVAKIAN, ENG. is the alter ego of Debtor and SEVAK, and each

19    of them.

20          13.     Plaintiff is informed and believes and thereon alleges that upon the July 23,

21    2010 formation of AVAKIAN ENG., Debtor and SEVAK, and each of them, caused all of

22    the assets of ABE to be fraudulently transferred to AVAKIAN ENG. in a manner in which to

23    dupe creditors of ABE, leaving ABE insolvent. The assets so transferred to AVAKIAN

24    ENG. include but are not limited to the ABE leasehold, third party contracts, customer lists,

25    accounts receivable, company goodwill, chattels, equipment and inventory. ABE employees

26    were then hired by and became the employees of AVAKIAN ENG. Plaintiff is informed and

27    believes and thereon alleges that AVAKIAN ENG. engaged in business as "American Best

28    Engineering" (omitting the "Inc."), using the same address as ABE, using the same telephone

1  number as ABE, and representing itself to existing and new customers as "American Best

2  Engineering".

3      14.    Plaintiff is informed and believes and thereon alleges that AVAKIAN ENG.

4  treated ABE as its alter ego rather than as a separate entity, that AVAKIAN ENG. was not

5  adequately capitalized and was a mere shell, instrumentality, and conduit through which

6  Debtor, SEVAK, and later AVAKIAN ENG., and each of them, did business, that

7  AVAKIAN ENG. exercised complete dominion and control over ABE, that ABE failed to

8  follow corporate formalities and used ABE for its expenses, and that AVAKIAN ENG..

9  commingled its funds and assets with ABE and vice versa. Plaintiff is informed and

10  believes and thereon alleges that there was such a unity of interest and ownership between

11  AVAKIAN ENG. and ABE that the separate personalities of the companies did not in reality

12  exist. Plaintiff is informed and believes and thereon alleges that despite ABE being a

13  suspended corporation, AVAKIAN ENG. engaged in business as "American Best

14  Engineering". Upholding the corporate separateness and entity of ABE and allowing

15  AVAKIAN ENG. to escape liability for ABE would sanction fraud and promote injustice.

16  Accordingly, AVAKIAN ENG. is the alter ego of ABE.

17      15.    Plaintiff is informed and believes and thereon alleges that the actions,

18  representations, and other conduct alleged herein to have been engaged in by Debtor and

19  each of the Related Parties, and each of them, were and are the actions, representations, and

20  conduct of each of the others, and each of them is bound thereby as having done, made,

21  and/or committed such sanctions directly. At all times mentioned herein, each party's

22  conduct is and was the action, representation, and conduct of each and all other parties and

23  each such party is obligated, responsible, to be held liable, and charged thereby.

24      16.    On or about January 25, 2007, Debtor and SEVAK, and each of them, as

25  individuals and on behalf of ABE and, later, AVAKIAN ENG. entered into with Plaintiff a

26  "Secured Promissory Note" ("Note") which was signed by Debtor as ABE's President. At or

27  about the same time, Debtor. SEVAK and ABE, and each of them, entered into a "Security

28  Agreement" ("Agreement") which was signed by Debtor as ABE's President.

1    17.    Pursuant to the Note, Plaintiff agreed to loan Debtor and the Related Parties,

2    and each of them, $100,000.00.  In exchange, those parties agreed to repay Plaintiff the

3    $100,000.00 with interest at a rate of 4% per month, and agreed to make monthly payments

4    of $4,000.00 commencing March 1, 2007.  The Note contained the following additional

5    provisions: a.) a provision that in the event that a court deems the Note usurious, the interest

6    rate would be reduced to the legal statutory maximum of 10% per annum and any amount

7    received in excess shall be applied to reduce the unpaid principal; and b.) a provision stating

8    that:

9        The undersigned promises to pay all attorney's fees and costs and/or other
fees and costs (including, without limitation trustees' consultants',

10    accountants', engineers' and appraisers' fees and expenses) incurred by the
Holder hereof in connection with the interpretation, collection or enforcement

11    of this Note, the Security Agreement of even date and the UCC-1 Financing
Statement (the "Loan Documents"), (whether or not legal proceedings are

12    brought by Holder), and/or the protection of the security thereunder, including,
without limitation any such fees and expenses incurred by Holder in connection

13    with, related to, or arising out of any judicial or non-judicial foreclosure
proceedings.

14

15    Plaintiff has incurred, and will continue to incur attorneys' fees, costs and expenses in

16    seeking to enforce the Note and Security Agreement, which sums Plaintiff is entitled to

17    recover under the foregoing provision.  Plaintiff seek the court for an order determining

18    attorneys' fees upon entry of judgment in this action.

19    18.    Pursuant to the Agreement, Debtor and Related Parties agreed to secure

20    Plaintiff's loan with all of ABE's accounts receivable, chattel paper, contracts, equipment,

21    general intangibles, all goods, all deposit accounts, all inventory, all investment property, and

22    all proceeds and products ("Assets") all of which Plaintiff, Debtor and Related Parties agreed

23    would secure payment of the Note and would be the collateral specified in the Agreement.

24    Debtor and Related Parties, and each of them, through Debtor on or about January 25, 2007,

25    also represented and warranted that they had full legal and equitable ownership over the

26    Assets.  Debtor and Related Parties, and each of them, on and after January 25, 2007, also

27    represented and warranted that they would not transfer, convey, or sell the Assets without

28    notice to Plaintiff.  Debtor and Related Parties, and each of them, also represented on January

1  25, 2007 through SERGIK  that they would take all steps reasonably necessary in order to

2  preserve the Assets.

3       19.    On or about January 26, 2007, Plaintiff delivered a check for $100,000.00 to

4  Debtor and ABE, which they negotiated.

5       20.    Thereafter, on or about February 1, 2007, Debtor and Related Parties, and each

6  of them, acting through Debtor made an oral request of Plaintiff for an additional $30,000.00

7  loan.  Pursuant to an oral agreement then made among Plaintiff and the Related Parties,

8  Plaintiff thereafter delivered to Debtor and ABE a check for $30,000.00 issued by Plaintiff's

9  company, Kirako Corp.  Thereafter, Debtor and Related Parties negotiated the check for

10  $30,000.00.  On or about February 1, 2007, Plaintiff and Debtor and Related Parties, and

11  each of them, through Debtor, their spokesman and ABE's President, orally stated that this

12  $30,000.00 loan would be subject to the terms of the Note and Agreement.

13       21.    On or about July 5, 2007, Debtor and Related Parties, and each of them, acting

14  through Debtor, made an oral request of Plaintiff for an additional $35,000.00 loan.  Pursuant

15  to an oral agreement then made between Plaintiff and the Related Parties, Plaintiff delivered

16  to ABE a check for $35,000.00 issued by Plaintiff's company, Kirako Corp.  Debtor and

17  Related Parties negotiated the check for $35,000.00 on or about July 5, 2007.  Plaintiff and

18  Debtor and Related Parties, acting through Debtor, their spokesman and ABC's President,

19  and each of them, orally then stated that this $35,000.00 loan would be subject to the terms of

20  the Note and Agreement.

21       22.    As heretofore alleged, in paragraphs 16-22, inclusive, from January 1, 2007 to

22  July 5, 2007, Plaintiff individually and through his company loaned to Debtor and Related

23  Parties a total of $165,000, subject to the terms of the Note and Agreement.

24       23.    On or about March 1, 2007, Debtor and Related Parties made a payment to

25  Plaintiff in the amount of $4,000.00 to Kirako Corp.

26       24.    From 2007 to March 2013, Debtor and Related Parties made a total of

27  $35,800.00 in payments to Plaintiff as an individual and $43,015.45 in payments to Kirako

28  Corp.

25.    In or about April 2013, Debtor and Related Parties ceased making payments to Plaintiff and/or Kirako Corp.  Later, after the state court litigation commenced, Debtor and Related Parties paid an additional $20,000.

26.    Plaintiff is informed and believes and thereon alleges that, unbeknownst to Plaintiff, prior to the cessation of monthly payments, Debtor and Related Parties, and each of them, in or about July, 2010, fraudulently caused to be transferred all Assets of ABE to AVAKIAN ENG, which thereafter operated the business and possessed assets that had theretofore been utilized by ABE making ABE insolvent.  Subsequently, ABE's corporate powers were suspended.

### FIRST CAUSE OF ACTION

### BREACH OF CONTRACT

27.    Plaintiff repeats the allegations of paragraphs 1 through  of this complaint and incorporates them by reference as if same were set forth herein in their entirety.

28.    Plaintiff has performed all conditions, covenants and promises required by it on its part to be performed in accordance with the terms and conditions of the Note and Agreement, except as such performance has been prevented by the acts, conduct and omissions of the Debtor and Related Parties, and each of them.

29.    In breach of the Note, on or about April 1, 2013, Debtor and Related Parties ceased making monthly payments to Plaintiff, which did not resume until long after the state court litigation began.

30.    In breach of their contracts and arrangements with Plaintiff, Debtor and Related Parties failed to grant a security interest in the Assets to Plaintiff, failed to preserve the Assets, and fraudulently transferred the Assets to avoid Plaintiff's security interest.

31.    As a direct result of the breaches of the Note and agreements, Plaintiff has been damaged in the amount in excess of $100,000 plus interest.  Plaintiff will seek leave of court to amend this complaint to insert the correct amount of damage when ascertained.

COMPLAINT FOR DETERMINATION OF NON-DISCHARGEABILITY OF DEBT
PURSUANT TO 11 U.S.C. §523(a)(2)(A), (a)(4) and (a)(6)

## SECOND CAUSE OF ACTION

### FRAUD

32.    Plaintiff repeats the allegations of paragraphs 1 through 26 hereof and incorporates them herein by this reference.

33.    On or about January 25, 2007, the date upon which the Note and Agreement were executed by Debtor as President of and on behalf of ABE with the intention that Plaintiff would act thereupon and loan money to Debtor and Related Parties Debtor orally represented and stated directly to Plaintiff in Los Angeles County that: (1) the $100,000 to be evidenced by the Note would be repaid with interest, with a monthly minimum payment of $4,000; (2) that Debtor  would cause ABE to secure the Note with Defendant ABE's Assets heretofore described in ¶18; (3) that all of the Assets described in ¶18 were legally and equitably owned by ABE; (4) that neither Debtor nor ABE nor any other person or party would transfer the assets; and (5) that Debtor and ABE would preserve the Assets as security for the Note.  The foregoing oral representations were repeated in the Note and Agreement. Also, on January 25, 2007, to induce Plaintiff to loan $100,000 to Debtor and Related Parties, Debtor orally made the following additional representations to Plaintiff:  (a) Debtor was the sole owner and operator of ABE and had authority to bind ABE to contracts and Notes; (b) Debtor and ABE were well established and the requested loaned funds were to be used for expansion of operations through equipment purchases; (c) that ABE would secure Plaintiff's loan with Defendant ABE's Assets; and (d) the loan would be repaid in installments of not less than $4,000.00 per month.  At the time he made the representations, promises and commitments set forth in this paragraph, Debtor  knew the representations to be false and did not intend that any of the promises herein described would be performed.

34.    Thereafter, and on or about February 1, 2007 Debtor, on behalf of ABE and as its President, orally requested of Plaintiff a loan to ABE of an additional $30,000 and, in connection therewith, to induce Plaintiff to make the loan, expressly stated to Plaintiff that: (1) the $30,000 so requested would be added to the $100,000 evidenced by the Note itself,

would be repaid upon the terms of the Note and subject to the same security arrangements as set forth in the Agreement; (2) that the obligation to repay the $30,000 would be secured by ABE's Assets hereinabove described; (3) that ABE had full legal and equitable title to an ownership of the Assets; (4) that all of the assets described in ¶18 were legally and equitably owned by Defendant ABE; (4) that neither Debtor nor ABE nor any other person or party would transfer the Assets; and (5) that Debtor and ABE would preserve the Assets as collateral for the Note under the Agreement.  The foregoing representations were made orally by Debtor on February 1, 2007 in Los Angeles County.  On February 1, 2007, Debtor repeated the additional representations described in the prior paragraph hereof and in this paragraph.  At the time he made those representations, promises and commitments, Debtor knew the representations to be false and did not intend that any of the promises herein described would be performed.

35.    Thereafter, and on or about July 5, 2007 Debtor, on behalf of ABE, and as its President and Related Parties orally, in Los Angeles County,  requested of Plaintiff a loan to ABE of an additional $35,000 and, in order to induce Plaintiff make the loan, in connection therewith, expressly stated to Plaintiff that the $35,000 so requested would be added to the $130,000 theretofore loaned by Plaintiff and Kirako Corp. to ABE and Related Parties upon the terms of the Note and subject to the same security arrangements as set forth in the Agreement.  At the time and place,  Debtor  repeated and restated each and all of the representations, comments and promises described in ¶18 hereof.  At the time he made those representations, promises and commitments,  Debtor  knew the representations to be false and did not intend that any of the promises herein described would be performed.

36.    At the time that each of the foregoing alleged representations and promises described were made, Plaintiff was ignorant of the true facts and the intentions of Debtor and Related Parties and believed the representations to be true and the promises to be genuine. Plaintiff reasonably relied upon them in making the loans to Debtor, ABE and Related Parties.

37.    In reliance of these representations and promises, made orally and in writing by Debtor, Plaintiff loaned $165,000.00 to ABE.  Plaintiff's reliance was reasonable because the misrepresentations and promises were made when Plaintiff met with Debtor at the ABE business premises, saw ABE's business and Assets in operation and had a prior relationship with Debtor, SEVAK and ABE.

38.    Plaintiff is informed and believes and thereon alleges that unbeknownst to Plaintiff, when he made each of the loans described in ¶¶16-22, inclusive, Debtor  was not the sole owner and operator of ABE and SEVAK was also an owner and operator of ABE and was working in connection with Debtor and ABE to defraud Plaintiff.

39.    Plaintiff is informed and believes and thereon alleges that, contrary to the representations and promises made to him orally and in writing by Debtor, the true facts are: (1) Debtor did not intend that ABE would repay the loans as agreed; (2) Debtor did not intend to take steps necessary to secure the Note with the ABE Assets; (3) ABE did not have full legal or equitable title to the Assets utilized in the business of ABE and (4) in fact, many were leases, rather than owned and were subject to repossession.

40.    Plaintiff is informed and believes and thereon alleges that unbeknownst to Plaintiff, on or about May 1, 2009, Debtor filed a Chapter 7 Bankruptcy proceeding declaring that he was not the owner of ABE and sought to discharge all of his debts in a no asset bankruptcy.  In his 2009 Chapter 7 Bankruptcy petition, Debtor did not list Plaintiff as a creditor and did not list any interest in ABE or its Assets which continue to exist and were utilized by AVAKIAN ENG.

41.    Plaintiff is informed and believes and thereon alleges that on or about July 23, 2010, unbeknownst to Plaintiff, Debtor and Sevak incorporated Defendant AVAKIAN ENG and transferred all of the business and Assets of ABE to AVAKIAN ENG. to defraud ABE's creditors including Plaintiff.  Plaintiff is informed and believes and thereon alleges that at no time did Debtor and Related Parties, or any of them, secure sums owed to Plaintiff  under the Note with ABE's Assets.

- 11 -

42.    Had Plaintiff known the true facts and the intentions of Debtor and Related Parties, Plaintiff would not have loaned money to ABE, to Debtor or to any person or entity connected with either of them.

43.    Plaintiff is informed and believes and thereon alleges that as a direct result of the acts engaged by Debtor and Related Parties and as a result of Plaintiff's reasonable reliance, Plaintiff has been damaged in an amount of no less than $100,000 plus interest. Plaintiff will seek leave of court to amend this complaint to insert the correct amount of damages when ascertained.

44.    Plaintiff is informed and believes and thereon alleges that the acts and conduct engaged in by Debtor and Related Parties, and each of them, alleged in this cause of action were intentional, malicious, fraudulent and oppressive, engaged in for the purpose of defrauding and causing harm to Plaintiff and in wanton disregard for Plaintiff's rights. Such despicable conduct justifies an award to Plaintiff of punitive damages against Debtor and Related Parties, and each of them, in order to defer Debtor and Related Parties, and each of them, from engaging in such conduct in the future and to make an example of them.

45.    Debtor's actions alleged herein constitute, among other things, "false pretenses, a false representation, or actual fraud" within the meaning of Bankruptcy Code §523(a)(2)(A).

## THIRD CAUSE OF ACTION

### CONVERSION

46.    Plaintiff repeats the allegations of paragraphs 1 through 26 hereof and incorporates them herein by this reference.

47.    Plaintiff was the rightful owner of the monies loaned.

48.    Defendants intentionally and substantially interfered with Plaintiff's money by taking possession of the money and refusing to return more than $100,000 thereof.

49.    Plaintiff did not consent to Defendants' intentional and substantial interference.

- 12 -

50.    Plaintiff is informed and believes and thereon alleges that as a direct result of the acts engaged by Debtor and Related Parties, and each of them, Plaintiff has been damaged in an amount of not less than $100,000 plus interest. Plaintiff will seek leave of court to amend this complaint to insert the correct amount of damages whenascertained.

51.    Plaintiff is informed and believes and thereon alleges that the acts and conduct engaged in by Debtor and Related Parties, and each of them, alleged in this cause of action were intentional, malicious, fraudulent and oppressive, engaged in for the purpose of defrauding and causing harm to Plaintiff and in wanton disregard for Plaintiff's rights. Such despicable conduct justifies an award to Plaintiff of punitive damages against Debtor and Related Parties, and each of them, in order to defer Debtor and Related Parties, and each of them, from engaging in such conduct in the future and to make an example of them.

## FOURTH CAUSE OF ACTION

### MONEY DUE ON AN OPEN BOOK ACCOUNT

52.    Plaintiff repeats the allegations of paragraphs 1 through 26 hereof and incorporates them herein by this reference.

53.    Plaintiff and Debtor and Related Parties had the financial transactions herein described.

54.    Based on these financial transactions, Plaintiff kept an account of the debits and credit.

55.    Because of these financial transactions, Debtor and Related Parties became indebted to Plaintiff on an open book account for money due in the sum of not less than $100,000 plus interest, which each of the Debtor and Related Parties agreed to pay.

56.    Despite demands, Debtor and Related Parties have not paid in whole or in part that sum.

57.    As a direct result of the acts engaged by Debtor and Related Parties, and each of them, Plaintiff has been damaged in an amount of not less than $100,000 plus interest.

1  Plaintiff will seek leave of court to amend this complaint to insert the correct amount of

2  damages when ascertained.

### FIFTH CAUSE OF ACTION

### MONEY DUE ON AN ACCOUNT STATED

58.    Plaintiff repeats the allegations of paragraphs 1 through 26 hereof and incorporates them herein by this reference.

59.    Debtor and Related Parties, and each of them, owed Plaintiff money from the financial transactions herein alleged.

60.    Plaintiff and Debtor and Related Parties, and each of them, by words and conduct, agreed that the amount stated in the account was the correct amount owed to Plaintiff.

61.    Debtor and Related Parties, and each of them, by words and conduct, promised to pay the stated amount to Plaintiff.

62.    Despite the promises of Debtor and Related Parties to pay for said amounts and Plaintiff's demands for payment, Debtor and Related Parties, and each of them, have neither paid in whole or in part any of the sums due.

63.    As a direct result of the acts engaged by Debtor and Related Parties, and each of them, Plaintiff has been damaged in an amount of not less than $100,000 plus interest. Plaintiff will seek leave of court to amend this complaint to insert the correct amount of damages when ascertained.

### SIXTH CAUSE OF ACTION

### MONEY LOANED

64.    Plaintiff repeats the allegations of paragraphs 1 through 26 hereof and incorporates them herein by this reference.

65.    Heretofore, Debtor and Related Parties, and each of them, received more than $165,000 from Plaintiff and because indebted to Plaintiff for such sums, agaiinst which payments of pricnipal and interest totaling $78,815.45 have been made.

66.    Debtor and Related Parties did not repay to Plaintiff the balance of the loan of not less than $100,000 plus interest.  Plaintiff will seek leave of court to amend this complaint to insert the correct amount thereof when ascertained.

67.    As a result of non payment, Plaintiff has been damaged in an amount of not less than $100,000 plus interest.  Plaintiff will seek leave of court to amend this complaint to insert the correct amount of damages when ascertained.

## SEVENTH CAUSE OF ACTION
### EMBEZZLEMENT - (11 U.S.C. §523(a)(4)

68.    Plaintiff repeats the allegations of paragraphs 1 through 26 hereof and incorporates them herein by this reference.

69.    Alternatively, Plaintiff alleges that Debtor's actions alleged herein constitute embezzlement within the meaning of the Bankruptcy Code §523(a)(4).

70.    As described above, Plaintiff provided the loaned funds to ABE so that it could be used to purchase and operate machinery and equipment.

71.    Plaintiff is informed and believes and thereon alleges that Debtor appropriated the funds to his own use.

72.    Plaintiff accordingly requests that Debtor be adjudged liable for all damages suffered by Plaintiff as a result of Debtor's actions and that such debt be deemed non-dischargeable pursuant to Bankruptcy Code §523(a)(4).  Plaintiff is informed and believes and thereon alleges that the damages caused by Debtor's conduct are not less than $100,000 plus interest.  Plaintiff will seek leave of court to amend this complaint to insert the correct amount of damages when ascertained.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as follows:

1.    For a judicial declaration that the indebtedness owed by Debtor to Plaintiff is non-dischargeable under Bankruptcy Code §523(a);

2.    For damages in the sum of not less than $100,000 plus interest and additional sums according to proof;

3.    For pre-judgment interest at the rate of 10.00% per annum;

4.    As to the First Cause of Action, for reasonable attorneys' fees, costs and expenses according to proof pursuant to the Note, Agreement, and California Civil Code § 1717.5;

5.    As to the Second and Third Causes of Action, for punitive damages according to proof;

6.    For costs of suit; and

7.    For such other and further relief as the court may deem just and proper.


Dated: September 20, 2019                          PAUL M. HITTELMAN

By: _____
    PAUL M. HITTELMAN
    Attorney for Plaintiff

**B1040 (FORM 1040) (12/15)**

| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |
|---|---|

*[Stamp: RECD SEP 20 2019 — CLERK U.S. BANKRUPTCY COURT CENTRAL DISTRICT OF CALIFORNIA BY____ Deputy Clerk]*

| **PLAINTIFFS**<br>ALBERT KIRAKOSIAN | **DEFENDANTS**<br>SERGIK AVALIAN, et al |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>PAUL P. HITTELMAN<br>2530 Wilshire Blvd 2d fl<br>Sta. Monica CA 90403 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor          ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor        ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☒ Debtor          ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor        ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Breach of Contract, Fraud, Embezzlement, common counts

---

### NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☒ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☒ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation
    (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand  $ |
| Other Relief Sought | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR *Sergik Avakian* | BANKRUPTCY CASE NO. *2:19-bk-17058 BB* | |
| DISTRICT IN WHICH CASE IS PENDING | DIVISION OFFICE | NAME OF JUDGE |

| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
|---|---|---|
| PLAINTIFF *Albert Kirakosian* | DEFENDANT *Sergik Avakian, et al* | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING *Central Dist of CA* | DIVISION OFFICE *L.A.* | NAME OF JUDGE *BB* |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) *Paul Hittelman* |
|---|

| DATE *Sept 20 2019* | PRINT NAME OF ATTORNEY (OR PLAINTIFF) *Paul M. Hittelman* |
|---|---|

### INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.